UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| THOMAS COOK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No. 3:09-cv-292 |
| v. | § | |
| | § | |
| FIDELITY NATIONAL PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## Plaintiff's Original Complaint

Plaintiff Thomas Cook complains of Fidelity National Property and Casualty Insurance Company and would respectfully show the Court the following:

### Jurisdiction and Venue

1. The Court has jurisdiction to hear these claims because they arise out of a flood insurance policy and federal courts have jurisdiction over such claims. Venue is proper because all or a substantial part of the events giving rise to this suit occurred in Galveston County, Texas and the property that is the subject of this lawsuit is located in Galveston County.

### Parties

2. Plaintiff Thomas Cook is a resident of Galveston County, Texas.

3. Defendant Fidelity National Property and Casualty Insurance Company is a foreign entity doing substantial business in the State of Texas and may be served through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## Nature Of The Case

4. Plaintiff suffered catastrophic damage to his property as a result of Hurricane Ike. In the aftermath, Plaintiff relied on his insurer and his insurer's agents to help start the rebuilding process. Specifically, Plaintiff was insured from loss by National Property and Casualty Insurance Company ("Fidelity"). The above Defendant improperly adjusted Plaintiff's property so he would not receive the coverage he had originally contracted with Fidelity to receive. Thus, this suit is necessary to recover damages arising from Defendant's unfair refusal to pay insurance benefits as represented by its agent and by the homeowner's policy it sold to Plaintiff. Plaintiff seeks relief under the common law and the Deceptive Trade Practices-Consumer Protection Act.

## Agency

5. All acts by Defendant were done by its officers, agents, servants, employees, or representatives and were done with the full authorization or ratification of Defendant or were done in the normal and routine course and scope of employment of Defendant.

## Breach of Contract

6. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

7. According to the insurance policies that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for damages caused by hurricane and water damage in the building from such damage.

8. As a result of this damage, which is covered under Plaintiff's insurance policy with Defendant, Plaintiff's property has suffered extensive damage. Defendant has breached

its contractual obligation and the subject insurance policies by failing to pay the Plaintiff policy benefits for the cost to properly repair the damage to Plaintiff's property. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### **Breach of The Common-Law Duty of Good Faith and Fair Dealing**

9. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

10. By their acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiff's entire claim or inadequately adjusting and making an offer on Plaintiff's claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for these denials.

11. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's claims because this Defendant knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant are proximate cause of Plaintiff's damages.

### **Breach of Fiduciary Duty**

12. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

13. Defendant had a fiduciary relationship, or in the alternative, a relationship of trust and confidence. As a result, Defendant has a duty of good faith and fair dealing. Defendant breached that fiduciary in that

    a.    The transaction was not fair and equitable to Plaintiff;

b. Defendant did not make reasonable use of the confidence that Plaintiff placed in it;

c. Defendant did not act in the utmost good faith and did not exercise the most scrupulous honesty toward Plaintiff;

d. Defendant did not place the interests of Plaintiff before its own, and it used the advantage of its position to gain a benefit for itself at the expense of Plaintiff;

e. Defendant placed itself in a position where its self-interest might conflict with its obligations as a fiduciary; and

f. Defendant did not fully and fairly disclose all important information to Plaintiff concerning the sale of the policy.

14. Defendant is liable for Plaintiff's damages for breach of fiduciary duty, which damages were caused by its conduct.

## Common-Law Fraud By Negligent Misrepresentation

15. Plaintiff incorporates by reference all facts and circumstances in the foregoing paragraphs.

16. Plaintiff would show that Defendant perpetrated fraud by negligent misrepresentation by falsely representing a fact of materiality to Plaintiff who relied upon such representations which ultimately resulted in injuries and damages to him. Alternatively, Defendant fraudulently concealed material facts from Plaintiff, the result of which caused damages to Plaintiff which were foreseeable as Hurricane Ike's landfall in Texas was imminent.

17. Specifically, and as a proximate cause and result of this negligent misrepresentation, all of which was perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained damages far in excess of the minimum jurisdictional limits of this Court.

18. By reason of Plaintiff's reliance on Defendant's negligent misrepresentations of material facts as described in this complaint, Plaintiff has suffered actual damages for which he now sues.

19. Plaintiff further alleges that because Defendant knew that the misrepresentations made to the Plaintiff were false at the time they were made, such misrepresentations are fraudulent, negligent or grossly negligent on the part of Defendant and constitute conduct for which the law allows the imposition of exemplary damages.

20. In this regard, Plaintiff will show that he has incurred significant litigation expenses, including attorneys' fees, in the investigation and prosecution of this action.

21. Accordingly, Plaintiff requests that exemplary damages be awarded against the Defendant in a sum in excess of the minimum jurisdictional limits of this Court. Defendant is liable for these damages, plus additional damages, plus 10% penalty, plus attorney's fees.

## Waiver and Estoppel

22. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs. Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff.

## Damages

23. Defendant's acts have been producing and proximate causes of damages to Plaintiff far in excess of the minimum jurisdictional limits of this court.

### Attorneys' Fees

24.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code. Ann. Section 38.001(8); Tex. Inc. Code Ann article 21.21, § 16; and Tex. Ins. Code Ann. Article 21.55, § 6; and DTPA § 17.50(d).

### Jury Demand

25.     Plaintiff requests that this case be decided by a jury as allowed by Tex. R. Civ. P. 216. The appropriate jury fee has been paid by Plaintiff.

### Prayer

Plaintiff prays that he have judgment against Defendant for his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, costs, and such other relief to which Plaintiff may show himself justly entitled.

**Dated:  December 10, 2009.**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt B. Arnold*
_____
Kurt B. Arnold
State Bar No. 24036150
Paul Skrabanek
State Bar No. 24063005
5 Houston Center
1401 McKinney Street, Ste. 2550
Houston, TX 77010
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF**